UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-81269-BLOOM/Valle

DAVID MEJIA,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Ocwen Loan Servicing's ("Defendant") Motion to Dismiss Complaint with Prejudice, ECF No. [12] (the "Motion"), Plaintiff David Mejia's ("Plaintiff") Complaint, ECF No. [1] (the "Complaint"). The Local Rules provide: "Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion." S.D. Fla. L.R. 7.1(c). Defendant filed the instant Motion on August 1, 2016. Therefore, Plaintiff was required to respond by August 15, 2016 – or, at the very latest, August 18, 2016, providing extra time for mailing. To date, Plaintiff has not responded, nor has he requested extra time to do so. Ordinarily, the failure to comply with the response timeframe provided by the Local Rules is sufficient cause for granting the motion by default. *See id.* The Court has, nevertheless, carefully reviewed the Motion, the record, and the applicable law, and is otherwise fully advised. For the following reasons, Defendant's Motion to Dismiss is granted.

    **I. Background**

Plaintiff initially filed this action on June 8, 2016 in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, seeking relief for Defendant's alleged violation of the Real

Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. ("RESPA"), and its implementing regulation, 12 C.F.R. § 1024, *et seq*. ("Regulation X"). *See* Compl. ¶¶ 1-2. Specifically, Plaintiff seeks remedies for Defendant's alleged failure to comply with § 2605(k) of RESPA and § 1024.36 of Regulation X. *See id.* at ¶ 3. Defendant timely removed the matter to this Court, and now moves to dismiss the Complaint with prejudice.

Plaintiff alleges that he mailed a written Request for Information to Defendant pursuant to Regulation X. *Id.* ¶ 14; Ex. A, ECF No. [1-1] at 16 (the "RFI"). Plaintiff sent his RFI by certified mail, which Plaintiff and his counsel tracked through the certified mailing tracking number. *See* Compl. ¶ 15. The RFI was delivered to Defendant on March 19, 2016, with a certified return receipt (the "Certified Receipt"). *See* Certified Receipt, Ex. B, ECF No. [1-1] at 21. Plaintiff does not claim that he did not receive the Certified Receipt, and it would appear that he did in fact receive the Receipt, as Plaintiff attached a copy of it to his Complaint. *See id.* Defendant responded to the RFI. *See* Compl. ¶ 17. Plaintiff alleges that he did not receive an adequate written response to the RFI within the required timeframe and, therefore, sent a follow up Notice of Error letter ("NOE") to Defendant. *Id*. ¶¶ 17-18.

Plaintiff brings two counts against Defendant for its alleged violation of 12 U.S.C. § 2605(k). In Count I, Plaintiff alleges that Defendant violated RESPA § 2605(k) through its violation of Regulation X, 12 C.F.R. § 1024.36(d), by failing to provide sufficient written response.[1] *See* Compl. ¶ 22. In Count II, Plaintiff alleges that "[t]hrough its own conduct and

---

[1] Count I also contains vague allegations regarding the timeliness of both Defendant's written acknowledgment of the RFI and response to it *See* Compl. ¶¶ 22-23, 26. The Court notes that Defendant timely acknowledged receipt of Plaintiffs' RFI by signing the Certified Receipt. This Court has previously held that a certified mail receipt constitutes a "written response" within the meaning of section 1024.36(c). *See Meeks v. Ocwen Loan Servicing LLC*, No. 16-CV-81003, 2016 WL 3999570, at *6 (S.D. Fla. July 26, 2016). Furthermore, the less vague allegations pertain to the adequacy, and not timeliness, of Defendant's response to the RFI. Since Plaintiff failed to respond to the Motion to make a timeliness argument, the Court declines to make it for him now.

the conduct of its designated counsel[,] Defendant has shown a pattern of disregard to the requirements imposed upon Defendants" by Regulation X. *Id*. ¶ 35. As to damages, Plaintiff claims that as a "direct and proximate result of Defendant's failure to comply with Regulation X and RESPA," Plaintiff has "incurred actual damages in certified postage costs of less than $100.00 for mailing the RFI and NOE, and attorney's fees and costs." *Id.* ¶ 29. Plaintiff also claims that he is entitled to statutory damages for Defendant's violation as alleged in Count II. *See id.* ¶¶ 36-37. Defendant filed the instant Motion on August 1, 2016, asserting that Plaintiff has failed to state a claim.

## II. Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration*

*Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009).  However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).  Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).  A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim.  *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

**III. Discussion**

Defendant moves to dismiss the Complaint on a number of grounds.  First, Defendant argues that Plaintiff has failed to state a cognizable claim for relief because the failure to provide a phone number does not create a cause of action under 12 C.F.R. § 1024.36(d)(2)(i)(A).  Defendant next argues that Plaintiff failed to allege actual harm as the result of Defendant's response to the RFI, and, in any event, Plaintiff has not alleged facts sufficient to support a claim for statutory damages under RESPA.  Motion at 1-2.  Defendant moves for dismissal with prejudice due to these deficiencies, and because this lawsuit "makes a mockery of statutory

consumer protection measures and is an unmitigated sham meant solely to generate attorney's fees." *Id*. at 2.  The Court addresses Defendant's arguments in turn.

### A. Count I – Violation of 12 C.F.R. 1024.36(d)(2)(i)(A)

Plaintiff claims that Defendant violated RESPA § 2605(k) through its violation of Regulation X.  *See* Complaint ¶¶ 22-23, 26-27.  Section 2605 of RESPA governs the "servicing of mortgage loans and administration of escrow accounts," and implicates Regulation X by providing in relevant part that "[a] servicer of a federally related mortgage shall not . . . fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." *See* 12 U.S.C. § 2605(k)(1)(E).  Section 1024.36(d) of Regulation X provides that a servicer must respond "[n]ot later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan . . . ."  12 C.F.R. 1024.36(d)(2)(i)(A).

The parties do not dispute that Plaintiff made a request for the identity and contact information of the owner or assignee of the loan. Nor do the parties dispute that Defendant responded to the request.  Rather, Plaintiff alleges that the response provided by Defendant was insufficient because it failed to include the phone number for the investor of the subject loan. Compl. ¶ 17.  Defendant argues that neither Regulation X nor RESPA require servicers to provide a phone number.

Whether Count I must be dismissed turns entirely on whether "other relevant contact information" includes a phone number within the context of 12 C.F.R. § 1024.36(d).  Defendant argues that it does not, and further, that the phrase is not defined in Regulation X or in RESPA.

5

A regulation's silence, of course, does not end the inquiry. "The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *United States v. Silva*, 443 F.3d 795, 797-98 (11th Cir. 2006) (internal quotations omitted). "This is so because '[t]he plain language is presumed to express congressional intent and will control a court's interpretation.'" *Moss v. GreenTree-Al, LLC*, 378 B.R. 655, 658 (S.D. Ala. 2007) (quoting *United States v. Fisher*, 289 F.3d 1329, 1338 (11th Cir. 2002) (alternations in the original). "A court 'should not interpret a statute in a manner inconsistent with the plain language of the statute, unless doing so would lead to an absurd result.'" *Id.* (quoting *Silva*, 443 F.3d at 798). This analysis applies to review of Regulation X, as "'[r]egulations, like statutes, are interpreted according to the cannons of construction.'" *O'Shannessy v. Doll*, 566 F. Supp. 2d 486, 491 (E.D. Va. 2008) (quoting *Black & Decker Corp. v. Comm'r*, 986 F.2d 60, 65 (4th Cir. 1993)).

Although the regulation does specify that a servicer must provide "contact information, including a telephone number, for further assistance," this same inclusion is conspicuously missing from the applicable provision specifying the information that must be included in response to a request for the identity of the owner or assignee of the loan. *See* 12 C.F.R. § 1024.36(d)(1)(i)-(ii). As such, the Court declines to read into the regulation a requirement that servicers must provide a phone number for the owner or assignee in order to satisfy the statutory requirements. Indeed, under the plain meaning of 12 C.F.R. § 1024.36(d), the regulation does not contain a requirement with respect to providing a phone number for the owner or assignee of a loan. Plaintiff has not cited to—nor has the Court identified—any legal authority stating otherwise. Although RESPA is a remedial statute, the Court need not construe it (or its

Case 9:16-cv-81269-BB   Document 19   Entered on FLSD Docket 09/02/2016   Page 7 of 9

Case No. 16-cv-81269-BLOOM/VALLE

implementing regulation) so liberally as to create a cause of action where none exists. Therefore, Plaintiff's claim with respect to the failure to provide a telephone number must fail, and Count I of the Complaint is dismissed with prejudice.

### B. Count II – Statutory Damages

For related reasons, the Court must also dismiss Count II, Plaintiff's "pattern or practice" claim for statutory damages. "The following damages are recoverable under RESPA for a section 2605 violation: '(A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.'" *McLean v. GMAC Mortgage Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009), *aff'd*, 398 F. App'x 467 (11th Cir. 2010) (quoting 12 U.S.C. § 2605(f)(1)). "[D]amages are an essential element in pleading a RESPA claim." *Renfroe v. Nationstar Mortgage, LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016). In *Renfroe*, the Eleventh Circuit recently "observe[d] without ruling on the question, that the use of 'additional'" at § 2605(f)(1) "seems to indicate that a plaintiff cannot recover pattern-or-practice damages in the absence of actual damages." *Id.* at 1247 n.4. Shortly thereafter, the Supreme Court issued its decision in *Spokeo, Inc. v. Robins*, instructing lower courts as to the standing requirements necessary for a claim asserting a statutory violation. As the Supreme Court explained, standing requires a plaintiff to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) *as revised* (May 24, 2016) (internal citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548

(quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* (quotations omitted).  As to the "concrete" requirement, the Supreme Court explained that

> A "concrete" injury must be "*de facto*"; that is, it must actually exist. *See* Black's Law Dictionary 479 (9th ed. 2009).  When we have used the adjective "concrete," we have meant to convey the usual meaning of the term—"real," and not "abstract." Webster's Third New International Dictionary 472 (1971); Random House Dictionary of the English Language 305 (1967).  Concreteness, therefore, is quite different from particularization.

*Id.*  Importantly, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549.  Here, and as explained above, Plaintiff has not suffered a concrete injury in fact.  Therefore, pursuant to the Eleventh Circuit's persuasive *dicta* in *Renfroe* and the Supreme Court's guidance in *Spokeo*, Plaintiff cannot assert a statutory violation, and Count II is dismissed.

Moreover, courts have interpreted the term "pattern or practice" in accordance with the usual meaning of the words, suggesting "a standard or routine way of operating." *McLean*, 595 F. Supp. 2d at 1365 (quoting *In re Maxwell*, 281 B.R. 101, 123 (Bankr. D. Mass. 2002)).  Failure to respond to one, or even two qualified written requests does not amount to a "pattern or practice." *See id.*; *In re Tomasevic*, 273 B.R. 682 (Bankr. M.D. Fla. 2002).  In *Renfroe*, the Eleventh Circuit held that statutory damages may be sufficiently plead where, in addition to the alleged RESPA violation against a plaintiff, the complaint alleges unrelated RESPA violations. *See* 822 F.3d at 1247.  While a plaintiff need not plead the "identities of other borrowers, the dates of the letters, and the specifics of their inquiries" to survive dismissal, *Iqbal* and *Twombly* still require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 570).  In this case, Plaintiff has alleged merely that "[t]hrough its own conduct and the conduct of its designated counsel Defendant has shown a

8

pattern of disregard to the requirements imposed upon Defendants by Federal Reserve Regulation X." Complaint ¶ 35. This does not provide sufficient facts to plausibly allege an impermissible "standard or routine way of operating," and Count II is dismissed. *See McLean*, 595 F. Supp. 2d at 1365.

### IV. Conclusion

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [12],** is **GRANTED.** The Complaint is **DISMISSED WITH PREJUDICE.** The CLERK is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 1st day of September, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record